Nott, J.,
delivered the opinion of the court:
The Act 30th June, 1876 (19 Stat. L., p. 65, ch. 157), allowed mileage to officers of the Navy u while engaged on public business.” The only evidence which the claimant; has introduced to show that, while traveling from Montevideo, Uruguay, to Sandy Point, Strait of Magellan, in December, 1880, he was on public business is the following order:
“Flagship Shenandoah, 2d rate,
“ Montevideo, Uruguay, December 21 st, 1880.
“ Sir : Take passage in the first steamer bound to Sandy Point, Strait of Magellan, at your own expense, and rejoin the Marion. On your arrival on board make such statement as you can to Commander F. M. Bunce regarding your absence from the Marion at the time of her departure from Montevideo.
“Respectfully, &c.,
“A. Bryson,
“ Rear-Adm’l, Commanding U. S. Naval Force,

u S. A. Station.

“ Acting Boatswain Xavier Perrimond, U. S. N.,
“ Montevideo, • Uy.”
The evidence does not sustain the case.
The learned counsel for the claimant contends that Admiral Bryson could not compel him to pay his own expenses. The admiral certainly could not, if the cause of his traveling was the public business. But it is also equally plain that if the claimant was not traveling on public business, the admiral *511 could not make the government liable for mileage by ordering Mm to rejoin Ms ship. Mileage is a form of reimbursement for money expended by an officer in the government’s service, and public business is the foundation on which mileage rests. The evidence prouduced does not lay that foundation. From it we must infer that private delinquency and not public business was the cause of travel, and that the officer disbursed nothing for the government.
The judgment of the court is that the petition be dismissed.