Scoeield, J.,
delivered the opinion of the court:
This case comes up on demurrer to the petition and involves •only a question of mileage.
In the spring of 1882 the claimant was a captain in the United States Navy, residing at Staunton, Ya. He had been on waiting orders since December 17,1880., On April 1,1882, the following order was issued to him by the Secretary of the Navy:
“ Sir : Proceed to Montevideo, Uruguay, and on your arrival •assume command of the United States naval force on the South Atlantic station, hoisting your flag on board the U. S. steamer Brooklyn. You will leave the United States for your station at a date not later than the 1st of May next.”
April 26,1882, he embarked for Liverpool and thence to Bio Janeiro, Brazil, where he. joined the fleet and assumed command June 9, 1882. He reported his arrival to the Secretary of the Navy, not stating by what route he had traveled. What knowledge the Secretary had upon the subject does not appear; nor does it appear that he expressed approval or disapproval thereon.
Steamers, in which he might have embarked, by the direct and most usually travelled route, sailed from Baltimore April 6,18,19, and May 3, and from New York April 11.
The distance by the Liverpool route is 10,066 miles and by the other 6,050. Mileage by the direct route has been paid, and this suit is brought to recover the balance that would be due him if reckoned by the Liverpool route.
By section 1566 of the Revised ^Statutes, as modified by the Act of June 30, 1876 (19 Stat. L., 65), 8 cents a mile is allowed to Navy officers, when traveling at their own expense, under orders, on public business. When only the terminus of the journey is specified in the orders, leaving to the discretion of the officer .the choice of route, his mileage, in the opinion of the court, should be calculated by the shortest usually traveled route, regardless of the distance actually traveled, unless some .good reason is shown for the deviation. (Perrimond, 19 C. Cls. R., 509 Du Bose & Richardson; (id., 514) Allderdice, (id., 511), and Hannum, id., 516.)
*134 This, it is understood, has been the uniform practice in the Departments.
The Second Comptroller, in an opinion rendered in the case of B. Henderson, 12th June, 1882, says:
11 The ordinary rule in estimating travel pay is to estimate by the nearest usually traveled route, and the accounting officers are not authorized to depart from the rule when the order does not authorize or direct a different route of travel.”
In this case it is stated on behalf of the claimant, as a justification for taking a circuitous route, that he was not required by his orders to leave the United States until the 1st day of May, and that after the 19th day of April no shorter route was available. That is all true, but the orders authorized him to depart at any time within the month. This latitude was given him, apparently, in order that he might accommodate his departure to the sailing of steamers over the direct route and not to attend to personal affairs. He had been on waiting orders for more than fifteen months, during which time it might well have been supposed he had arranged his private business. If there had been any great necessity for his remaining in the country longer than the 19th, he might have asked the Secretary to enlarge his orders for two days and taken the steamer on May 3. The Secretary, no doubt, would have granted the request, for even then he would have reached his post of duty nine days earlier than he did by the Liverpool route.
Demurrer sustained.