Scoeield, J.,
delivered the opinion of the court:
In 1886 the claimant was district attorney for the northern district of New York. At his request two assistants were appointed by the Attorney-General under the provisions of section 363 of the Revised Statutes. By stipulation of the Attorney-General they were to be paid for their services a yearly salary of $2,250 each. In performance of their duties, between January 1 and July 1 of that year, these assistants traveled 5,895 miles and attended before commissioners or in court 23 days. For this travel the claimant thinks he is entitled to charge 10 cents a mile, and for the court attendance $5 a day, not for the use of the assistants, but for himself.
The defendants contend that neither the district attorney nor tha assistants are in a position to recover any such charges in this suit; not the assistants, because they are not parties to' the action, and because their services and expenses were either estimated for and paid by their salaries or are still open to stipulation with the Attorney-General; and not the claimant, because he neither traveled nor attended the courts.
By an examination of the laws which provide for the compensation of district attorneys it appears that they are to receive a small salary of $200 a year and numerous small docket fees. (Rev. Stat., §§ 770, 824, 825, 826, and 827.)
The salary and docket fees were apparently intended as compensation for all professional services in the preparation and trial of suits.
Having thus provided for professional services,.the law then undertakes to reimburse them for all outlays necessarily incurred in the discharge of their duties. It pays them back all sums expended for clerk-hire, fuel, lights, and other office expenses ; for traveling expenses, which are estimated and compromised at 10 cents a mile, and for the consumption of time about the courts, whether engaged therein or not, estimated and compromised at $5 a day. As these allowances are designed to reimburse expenditures, not to compensate for professional services, the district attorneys become entitled to them only when the expenditures have been incurred.
In this view of the case the claimant has no more right to charge mileage when he did not travel, and for consumption of time by attendancs at court when he did not attend, than he *213 has to charge for clerk-hire and office expenses which he has not incurred.
The claimant’s theory is that the district attorney and the assistants are one party in law; that what the assistants do the district attorney doets; and that, in legal contemplation, he traveled and attended court in the persons of his assistants.
It is true that the assistants traveled and attended court and thereby incurred an expense of $314.46. Doubtless they incurred some office expenses also; that all these expenses were either estimated for and merged in their salaries, or may «till be allowed by the Attorney-General in his discretion, we have no doubt.
The amount of their salaries is not fixed by law, but is a matter of stipulation and agreement with the Attorney-General. He alone can stipulate what amount shall be allowed to. the assistants, either for expenses or professional services. Section 363 provides that the Attorney-General “ shall stipulate with such assistant attorneys and counsel the amount of compensation and shall have supervision of their conduct and proceedings.” If in any case it be found that the salaries at first agreed upon were too small to compensate them for their services and expenses, it was within the power of the Attorney-General, but not of the district attorney, nor of the accounting officers, nor of this court, to enter into new stipulations and make additional allowances. The Attorney-General was well advised as to what services the assistants were rendering and what expenses they were'‘incurring, because their “conduct and iwoceedingswere always under his “ supervision.” The law nowhere places them under the orders and supervision of the district attorneys, though the Attorney-General may so place them. While this relation existed between the Attorney-General and tfie assistants in this case, no complaint appears to have been made about the amount of work required nor the amount of compensation as at first agreed upon. If any such complaint should hereafter be made that officer will doubtless give it all proper consideration. Outside of this section, we know of no provision either in the general laws or the appropriation acts under which the assistant attorneys can be reimbursed for traveling or other expenses.
It is true that the claimant paid traveling expenses of the assistants to the amount of $314.46, but it is not pretended *214 that he was under any legal obligation to do so. Indeed he expressly disclaims any such liability. This disclaimer amounts to a concession on his part that the assistants were bound to perform these services without additional compensation; in other words, that mileage and court attendance were included in and paid for by the salary. Whether they were, in fact, so included does not distinctly appear. That the Attorney-General had authority to stipulate that, in consideration of an agreed salary, they should pay their own expenses, is quite clear. But if SO' included and paid, it cannot, even on the claimant’s theory that travel and attendance "by the assistants constituted travel and attendance by himself,’ be again demanded. If the Attorney-General had stipulated with the assistants for a smaller salary, and had at the same time agreed that their traveling expenses should be paid for at the rate of 10 cents a mile and their court attendance at $5 a day, it is hardty probable that the district attorney would have expected a second allowance of the same expenses to be made to himself. And yet his legal right to claim it would be as strong in the one case as in the other.
It is said that the case is analogous to the fees charged by the marshal for the services of his deputies; but the conditions are entirely unlike. The marshal selects his own deputies and pays them, according to agreement, from his own pocket. He and his bondsmen are responsible for all their acts (Rev. Stat., §§ 780, 783). The district .attorneys, on the contrary, do not appoint the assistants, do not pay them, are not answerable for their mistakes or misconduct, and do not have “ supervision of their conduct and proceedings,” except as directed by the Attorney-General. If the Government appointed the marshal’s deputies, paid them for their services, and became alone responsible for their acts, the analogy would be very marked; but then it would hardly be pretended that the services of the deputies should be paid for twice — once to the deputies themselves and once to the marshal.
It was suggested on the trial that such claims had hitherto received the sanction of the accounting officers, and that along-continued construction of the law, even if doubtful in the beginning, should not now be disturbed. The doctrine is sound, but the facts in this case do not call for- its application. The findings show that such claims have been paid at the Treasury *215 Department only when it appeared by the account presented that the services were rendered by the district attorney in person, and always rejected when they appeared to have been rendered by the assistants.
The court concurs in the ruling of the Comptroller, and the claimant’s petition is dismissed.
Nott, J.,
read the following opinion:
“ Mileage is a form of reimbursement for money expended by an officer in the Government service, and public business is the foundation on which mileage rests.” (Perrimond’s Case, 19 C. Cls. R., 509.)
Mileage is an agreed commutation for a fluctuating outlay resorted to for the purpose of saving the one party from the keeping and the other from the auditing of endless prolix accounts made up of petty items. Like commutation for quarters, for fuel, for rations, it operates in different ways, but on the whole justly; if the officer can travel by rail or steamboat, the allowance of 10 cents a mile will be more than he expends; if he travels by stage it will about cover his expenses ; if he travels where there is no public conveyance, and must hire a horse and wagon to carry him, it will not be sufficient to reimburse him.
But while it operates unequally it is nevertheless an ordinary though not the invariable form of reimbursement fo'r travel in the public service, and is in no case intended as compensation. Whenever, in contemplation of law, travel is necessitated by public business, the expenses of travel, in some form or other, are regarded as money paid to the use of the Government, and the officer who legally and properly makes the expenditure is entitled, in some form or other, to reimbursement. Officers of the Army are reimbursed; officers of the Navy are reimbursed; soldiers mustered out at a distance from the place of enlistment and compelled to travel home at their own expense are reimbursed; district attorneys are reimbursed; marshals are reimbursed ; witnesses and jurors are reimbursed; and, finally (which comes very close to this case), the assistant counsel of the Attorney-General are reimbursed for traveling expenses incurred while prosecuting the legal business of the Government, as may be *216 seen in the last annual report of the Attorney-General, at page 51, where it appears that eighty-nine pages are devoted to such items as “Lunch, 25cents”; “Porter, 20.cents”; “’Bus hire, 50 cents”; “Street-cars, 75 cents.”
In a word, whether the cost of travel be borne in the form of transportation and rations in kind (as is the case with soldiers traveling on public business), or in the form of actual reimbursement of actual expenditure (as is the case with the legal assistants of the Attorney-General, the inspectors of the Post-Office, the wardens of jails, and numerous other officials), or in the form of mileage (as is the case with district attorneys and military and naval officers), the universal rule is that where public business necessitates official travel, and the travel is upon public business, the expense of it is borne by the Government. Therefore I am not prepared to say that assistant district attorneys are the one exception to the universal rule, and I am strongly averse to deciding against them in a case where they have not been heard and by a judgment which they cannot have reviewed.
It was .suggested on the argument that the contract or appointment made by the Attorney-General was intended to cover the traveling expenses which these assistant counsel might be compelled to incur. Concerning that suggestion thsee things may be said: ,
(1) The contract or appointment does not say so; it relates in terms merely to compensation for services, and is entirely silent as to the costs of travel.
(2) If the Attorney-General had made such a contract it would have been illegal and improper; for if there be any principle concerning public expenditures which is established by statute, it is that money shall not be paid before it is earned, and that no officer shall be reimbursed for expenses until he has made them. The expenses of travel upon public business are a subject of public expenditure just as well known to the law as salaries or wages, and if the Attorney-General had undertaken to pay these assistant counsel when they were not entitled to it, and might never become entitled to it, he would have done an illegal act. I am not prepared by mere judicial construction to attach that intent to the Attorney-General’s contract.
*217 (3) That one public agent should have power to fix the compensation of a subordinate officer, and another public agent should have power to make that subordinate expend his entire compensation in traveling about the country on the legal business of the Government, seems to me an unusually forced construction to give to any instrument. If the assistant could estimate and regulate his own movements, and be able to judge, when he entered into the agreement, what the probable outlay would be, there would be some basis for the suggestion. But here the assistant could make no such estimate, and could exercise no such discretion; he must go when and whither the district attorney might order, and in case of the sickness of the district attorney he might have to do all of' the travel of the district. Assuredly no ordinary contract would be thus construed.
Inasmuch as in this case the mileage exceeded the actual expenses of the assistant’s travel, the claimant has likewise regarded mileage as being in part compensation, and has classed it with fees which an assistant earns, but which confessedly go to the district attorney. If the expenses of travel had just equaled the mileage, the contrary would have been plain; and if they had exceeded the mileage, it would have been plainer; but the fact that in this particular case something can be made out of mileage has suggested the fallacy that that something is, in contemplation of law, compensation.
It appears in the petition that the claimant paid his assistant’s expenses of travel. The claimant was then a public officer, and the expenses were incurred by his orders and under his supervision. He was not technically a disbursing officer, but he was not a stranger to either party. The money was paid to discharge a legal obligation of the United States, and to a person legally entitled to receive-it. There are, therefore, strong reasons for saying that the payment might be regarded as a payment of money to the use of the defendants from which an implied contract will arise. But as that question was not presented on the argument, I express no opinion in regard to it.