Peelle, J.,
delivered the opinion of the court:
On the 5th of November, 1887, the claimant was and for a long time prior thereto had been performing duty under the order of the Secretary of the Navy at the League Island Navy-Yard, in Philadelphia, Pa.
On that date the Secretary of the Navy addressed to the claimant a communication, of which the following is a copy:
“Navy Department,
“Washington, November 5, 1887.
“ Sir : In addition to your present duties you will take charge of the work on the hulls of gunboats Nos. 3 and 4, to be built at the Delaware River Iron Works, Chester, Pa., under contract with Messrs. N. H. Palmer & Co., of New York. The vessels are now being laid down, and you will proceed to Chester immediately and report by letter for further instructions to the Chief Constructor of the Navy.
“ Very respectfully,
“D. B. Harmony,

uActing Secretary of the Navy.

“Naval Constructor Robert W. Steele, U. S. N.,
“Navy-Yard, League Island, PaP
As contemplated by that order, instructions were given to the claimant from time to time, by the Chief Constructor of *13 the Navy, concerning the work to be done by him on the vessels named in the order, the substance of which is set forth in the findings.
Neither in the order nor in any of the instructions referred to was the claimant given authority to travel other than as stated m the order, nor to keep an account thereof in the discharge of his duties thereunder; but the travel performed by the claimant in the discharge of said duties was made on his own judgment as to the wisdom and necessity thereof, and he seeks in this action to recover the 8 cents per mile therefor in lieu of actual expenses provided for by Revised Statutes, section 1566, as modified by the Act June 30, 1876, section 1 (19 Stat. L., 65).
The defendants’ counsel contends that because the order referred to did not in terms require the claimant to travel he can not recover; while the claimant contends that the order requiring him, in addition to his duties at the League Island Navy-Yard, in Philadelphia, “to proceed to Chester immediately” and take charge of the work on the hulls of gunboats Nos. 3 and 4, at Chester, Pa., was in effect and purpose an order to perform such travel thereafter between Philadelphia and Chester as in his judgment might be necessary to enable him to execute the order and the instructions therein contemplated.
Revised Statutes, section 1566, provides:
“ Sec. 1566. An allowance of 10 cents a mile may be made to officers in the naval service and storekeepers on foreign stations for traveling expenses when under orders. And an allowance may be made to officers traveling in foreign countries under orders for expenses of transportation' of baggage necessarily incurred.
“And no officer shall be paid mileage except for travel actually performed at his own expense and in obedience to orders.”
The Army appropriation act, June 16, 1874, section 1 (18 Stat. L., 72), provided:
“Only actual traveling expenses shall be allowed to any person holding employment or appointment under the United States, and all allowances for mileage and transportation in. excess of the amount actually paid are hereby declared illegal; and no credit shall be allowed to any of the disbursing officers of the United States for payment or allowances in violation of this provision.”
*14 While the naval appropriation act, June 30, 1876, section 1 (19 Stat. L., 65), provides:
“ So much of the act of June 16,1874, etc., as provides that only actual traveling expenses shall be allowed to any person holding employment or appointment under the United States while engaged on public business as is applicable to officers of the Navy so engaged is hereby repealed; and the sum of 8 cents per mile shall be allowed such officers while so engaged, in lieu of their actual expenses.”
So that by this latter act so much of the act of 1874 (supra) as applied to officers in the Navy was repealed, and the defendants’ counsel contends that this had the effect to revive section 1566, notwithstanding Revised Statutes, section 12.
But for the'purposes of this case we will not consider the question further than to say that this court, in Crosby’s Case (22 C. Cls. R., 133), held that section 1566 was modified by the act 1876 (supra). And in the Hutchins Case (27 C. Cls. R., 137, 139), the court held in substance that section 1566 gave mileage; the act 1874 took it away, while the act 1876 restored it; so that, without considering the question as to whether section 1566 was repealed by the act 1874, or whether, if thereby repealed, the same was revived when the act 1876 repealed so much of the act 1874 as applied to officers in the Navy, we think it clear that section 1566 was in force, as modified by the act 1876, at the time the claimant performed the travel for which he sues.
In this view of the case, so sustained by previous decisions of this court, we turn to Revised Statutes, section 1566, where, as modified by the act June 30, 1876 (supra), it is provided that “8 cents per mile shall be allowed” to officers in the Navy for traveling expenses “when under orders.” The case therefore turns on the construction to be given to the words “ when under orders” as used in said section. What do they mean ? An officer in the Navy is subject to the orders of his superior officers when acting within the line of their official duties, and when so ordered it is his duty to execute such order, if he can thereby ascertain what duty is required of him, without questioning the wisdom or expediency of such order or omissions therefrom affecting his personal or pecuniary interests in the execution thereof, as the public business is the first and paramount duty of every officer of the United States, and “public *15 business is tbe foundation on which mileage rests.” (Perrimond’s Case, 19 C. Cls. R., 509, 511; Du Bose et al., id., 514, 519.)
The order required the claimant, in addition to his duties at the League Island Navy-Yard in Philadelphia, to “ take charge of the work on the hulls of gunboats Nos. 3 and 4, to be built at the Delaware River Iron Works, Chester, Pa.”
The order did not relieve him from duty at the League Island Navy-Yard, but in addition thereto imposed upon him the duty of taking charge of the work on the hulls of the gunboats to be built at Chester, so that he was required to perform duties at both places, and, having no instructions to the contrary, it was for him to determine whether or not he would intrust to his subordinates the discharge of duties which had been assigned to him as the responsible head because of his technical knowledge; and in the absence of any instructions to the contrary, he was also to determine when it was necessary for him to travel in the execution of the order. If, in the discharge of his duties under the order, it became necessary for him to travel between Philadelphia and Chester, and he did so, he was traveling “under orders” within the meaning of section 1566, as the order requiring him to take charge of the work at Chester necessitated such travel to enable him to comply therewith.
The court has found that the travel performed was necessary to enable the claimant to discharge the duties required of him by the order, and he is therefore entitled to recover 8 cents per mile therefor under said section as modified by the act 1876 (supra) for the travel performed by him within six years prior to the time of filing his petition herein.
The findings show that nineteen of the trips for which claimant seeks to recover mileage were before and one on the 10th of January, 1888, while the petition was filed herein January 10, 1894.
The court has therefore included in the judgment mileage only for those trips made subsequent to January 10,1888, the others being excluded as barred under the provisions of Revised Statutes, section 1069.
For the reasons stated judgment will be entered in favor of the claimant for the sum of $1,111.20.