BaRNey, J.,
delivered the opinion of the court:
This is a suit by a clerk in the Quartermaster’s Department of the Army to recover the sum of $596.75 for reimbursement of expenses incurred by him while on duty at Washington, D. C., and Philadelphia, Pa., under orders of March 23 and April 8,1909, assigning him to duty in connection with the settlement of the accounts of Maj. Baker, as chief quartermaster, Army of Cuban Pacification. The plaintiff had theretofore been on duty at Habana, Cuba, with Maj. Baker, and the Quartermaster General directed his transfer to Washington, D. C., for such time as might be required in connection with the settlement of Maj. Baker’s account as such chief quartermaster. The order further directed that on completion of this duty at Washington he should be transferred to St. Louis, Mo., for duty under the. depot quartermaster there. On his arrival in Washington, April 5, 1909, the plaintiff reported from day to day to Maj. Baker for duty, until April 8, 1909, when an order was issued by the Quartermaster General to Maj. Baker, directing him to order the plaintiff to proceed from Washington, D. C., to Philadelphia, Pa., for duty in connection with the settlement of his (Maj. Baker’s) accounts, and upon completion of this duty to be transferred to St. Louis, Mo., for duty under the depot quartermaster at that place. This duty was designated as temporary duty in the order and it also directed that the necessary transportation and sleeping-car accommodations to Philadelphia be furnished the plaintiff, but made no provision for the transportation of baggage. His duties at Philadelphia related solely to the settlement of Maj. Baker’s accounts. The plaintiff remained on said duty from April 9, 1909, to September 2, 1909, when he went to St. Louis, Mo., for duty under the quartermaster there, in compliance with his orders. Transportation and sleeping-car accommodations were furnished him on the lat *397 ter trip, but no transportation for baggage. During a portion of the time while the plaintiff was on duty at Philadelphia he was allowed for his actual expenses, but these were afterwards refused by the accounting officers, and the amount already allowed him was collected back. The total amount of the expenses of the plaintiff while on such duty at Washington and Philadelphia was $596.75, and this suit is brought to recover that sum.
At the time of the performance of this service the Army Eegulations provided as follows:
“744. Eeimbursement of actual expenses when traveling under competent orders will be allowed, under the following heads, to civilians in the employ of any branch of the military service, excepting the expert accountant of the Inspector General’s Department, paymasters’ clerks, and those mentioned in paragraph 745, viz: * * *
“ 5. Cost of meals and lodgings, including baths, tips, and laundry work, not to exceed $4.50 a day, while on duty at places designated in the orders for the performance of temporary duty.”
During a portion of the service of the plaintiff the regulations provided for an allowance of $3 per day, and during such period his claim is on that basis.
It will be seen from the foregoing statements that the only question in the case is whether the plaintiff was on temporary duty while at Washington and Philadelphia within the meaning of that term in the Army Eegulations above quoted. If he was, he is entitled to recover for his actual expenses during such service; if he was not, he has no claim.
An examination of the two orders transferring the plaintiff, as they appear in Finding III, will show that the plaintiff was first assigned to duty at Washington “ for such time as required in connection with the settlement of” the accounts of Maj. Baker, and was afterwards assigned to duty at Philadelphia “for temporary duty in connection with the settlement” of the accounts of the same officer. It will thus appear that by the terms of both orders the duty performed by the plaintiff was designated as “temporary duty ” in one case and substantially so in the other.
*398 ■It has been repeatedly held, however, by this court that the terms of an order assigning to a particular service can not classify the service actually performed, but that the facts in each case must be considered, and the paramount service performed must determine the basis on which to place the right of pay. It is unnecessary to say that that principle obtains in this case. In other words, in each case the character of the service is a question of fact to be determined by the court. (McGowan v. United States, 36 C. Cls., 63; Leach v. United States, 44 C. Cls., 132; Doyle v. United States, 46 C. Cls., 181.)
The word “ temporary ” is defined in the Standard Dictionary to mean: “(l)For a short time only; (2) not permanent.” We think the service performed by the plaintiff under orders at Philadelphia and Washington comes fairly within both of these definitions. As compared with the length of service at a stated post usually performed by clerks in the Quartermaster’s Department, certainly less than five months is a short time. The second definition, however, is the one which is particularly applicable to this case; i. e., a service which is not permanent in character. A service of any kind can only be said to be permanent in character when it is to continue for a definite period of considerable extent, or an indefinite period in the discharge of all the duties generally belonging to such service. To be sure, any service may be terminated unexpectedly the next day after begun, though it was anticipated it would continue for years. On the other hand, a temporary service may continue for some time. The question to be asked is: Is it a fixed, permanent service, or is it to be terminated upon the performance of a particular piece of work? The plaintiff was ordered to Washington and Philadelphia to finish one job only belonging generally to the duties of his office, and the same order provided that when he had finished that job he should proceed to another place, presumably for the discharge there of general duties belonging to his office, as no special duties were designated.
While on duty at either place, if the plaintiff had been asked as to the character of his duties as to time of employ *399 ment, can it be doubted tliat his natural and truthful answer would have been that he was there only temporarily for the performance of one particular piece of work, and when that was finished he was to go to another city for permanent work ?
The reason for the making of the regulation quoted is evident. If an officer is placed on permanent duty in any place he can make such arrangements as will enable him to live more economically and at the same time more comfortably than he can if he is on duty which is temporary only. In the latter case he can not establish a home, but must take up temporary quarters at a hotel, which will generally use up about all of his salary, as was true in the case of the plaintiff.
It follows from the foregoing that the plaintiff is entitled to a judgment for his actual expenses as provided in the Army Regulations quoted, which are found to be $596.75, and judgment in that sum in his favor is ordered.
Howky, J., was not present when this case was heard and took no part in its decision.