AtkiNSON, J.,
dissenting:
The plaintiff, George A. Curry, brought this suit to recover the sum of $596.15, which amount, he avers, was expended by him for meals, lodgings, etc., while on duty at Washington, D. C., and Philadelphia, Pa., in connection with the settlement of the accounts of Maj. Chauncey B. Baker, chief quartermaster, Army of Cuban Pacification.
Prior to March 23, 1909, plaintiff was a clerk, at large in the Quartermaster’s Department, United States Army, and was on duty in the office of the chief quartermaster, Army of Cuban Pacification, Havana., Cuba. On said date an order was issued from the Quartermaster General’s Office to Maj. Baker directing his transfer to the United States, and on April 1, 1909, plaintiff was also transferred from Havana, Cuba, to Washington, D. C., where he arrived April 5, 1909, and upon his arrival reported to Maj. Chauncey B. Baker for duty under said order. On April 8, 1909, an additional order was issued by the Quartermaster General’s Office to *400 Maj. Baker, who had been ordered to Philadelphia, Pa., as depot quartermaster in addition to his special duties in closing up his Cuban accounts.
This latter order directed plaintiff to proceed to Philadelphia, Pa., “ for temporary duty ” in connection with the settlement of the accounts of Maj. C. A. Baker, who had formerly been the chief quartermaster at Havana, Cuba. In obedience to this command plaintiff proceeded to Philadelphia, Pa., on or about April 13, 1909, and entered immediately upon the duties assigned to him and continued to discharge those duties until September 2, 1909, when he was assigned to duty in the office of the depot quartermaster at St. Louis, Mo.
Under the order assigning plaintiff to so-called “temporary duty ” and by virtue of the Army Begulations quoted in the findings, plaintiff submitted monthly accounts for reimbursement of expenses for meals, lodgings, and laundry from April 6, 1909, to September 2, 1909. It appears from the findings that these accounts from April 5 to June 30, 1909, were approved and paid by Maj. Chauncey B. Baker, quartermaster, United States Army, which action was approved by the Quartermaster General. The accounts, as approved, were forwarded to the Auditor for the War Department, who audited and approved them for the sum of $311.75.
After plaintiff completed his duties at Philadelphia, Pa., September 2, 1909, he submitted an account covering meals, lodging, and laundry from July 1, 1909, to September 2, 1909, amounting to $285, which was approved by Maj. Baker, quartermaster at Philadelphia, Pa.; but the Quartermaster General refused to approve this account, for the reason that plaintiff was not on “ temporary duty ” at Philadelphia. Plaintiff thereupon appealed to the Auditor for the War Department for payment of said amount. The auditor allowed $237 of the account, but disallowed the sum of $48, assigning as a reason that no more than $2.50 per day could be allowed for expenses, because said amount was the average daily expenses of his former account. The plaintiff *401 thereupon appealed to the Comptroller of the Treasury, who reversed the action of the auditor and disallowed the entire claim. The comptroller thereupon directed the reopening of the accounts of Maj. Baker, for the period from April 6, 1909, to June 30, 1909, and disallowed $311.75 which had previously been paid to plaintiff and which he was required by the accounting officers of the Treasury to refund, which was done by him under protest. None of the above facts is contested by the^Government.
The only question in the case is whether the duty performed by the plaintiff was “ temporary duty.” Prima facie it was temporary duty, because it is so defined in the official order to the plaintiff. But the character of a duty must be determined by the facts. The courts have held that they may go behind the orders of executive officers of departments of the Government and determine from the facts what the character of a duty is. (Leach's case, 44 C. Cls., 132.)
In this case the Quartermaster General placed the plaintiff on temporary duty in his order of April 8, 1909. On July 23, 1909, the same officer, reviewing the case, addressed Maj. Baker, depot quartermaster, Philadelphia, Pa., an official letter in which he declined to allow the incidental expense account of plaintiff, and adding, in substance, that his temporary hire was not intended to carry with it reimbursement of expenses while engaged in such service, and stating further that he was receiving full pay for his grade and was at his regular station until he was transferred elsewhere.
The contentions of the defendants, briefly stated, are that plaintiff was employed as a clerk and accountant in the Quartermaster’s Department, .United States Army, at large, on duty in the office of Maj. Chauncey B. Baker, chief quar-master, Army of Cuban Pacification, at Havana, Cuba; that on or about March 23, 1909, said chief quartermaster having completed his work in Cuba, was ordered to Washington, D. C.; that plaintiff, being one of his clerks, was also ordered to return to Washington, and his transportation in kind was furnished; that shortly after their return to Washington, Quartermaster Baker was assigned to duty as depot quarter *402 master at Philadelphia, Pa.; that plaintiff was ordered to accompany him to said station and remain there as long as he might be needed to assist said quartermaster in closing his Cuban accounts, and when this work was completed ho was to proceed to St. Louis, Mo., under his original order, there to enter upon clerical duties in the depot quartermaster’s office in that city. It is further claimed by the defendants that plaintiff was a regular employee of the United States, assigned to duty in the Quartermaster’s Department, and that all of the duties performed by him Avere strictly confined to that department; that when he left Cuba to return to the United States for the purpose of aiding Quartermaster Baker in the settlement of his accounts Ills place of employment was wherever those accounts were. While said quartermaster was at Washington plaintiff’s station and place of employment was Washington, and when it was changed to Philadelphia that city became the place of bis employment and station. His duty, therefore, was temporary only in the sense that his employment for the purpose indicated was temporary in charcter. At the time he was employed for this particular work he had no other station. Temporary duty and temporary employment are two. different things. “.Temporary duty ” under the Army Regulations, which are set out in Finding II, presupposes, I think, a permanent station and duty from which an employee is absent. At the time of this employment plaintiff had no other permanent station; consequently he could not ■be classed as cn temporary duty when he Avas then engaged in the only work for which he was at that time employed.
My conclusion, therefore, is, as a question of fact, that plaintiff’s duty at Washington and Philadelphia was not the “ temporary duty ” contemplated by the Army Regulations quoted in the findings of fact, and necessarily the petition should be dismissed, because I can see no reason • why the GoA'emment should pay the living expenses of a regular departmental clerk at Washington or Philadelphia any more than it should pay such expenses at Haxoxna, Cuba, or at St. Louis, Mo.