Barney, Judge,
reviewing the facts found to be established, delivered the opinion of the court:
This is a claim of an officer of the Navy for actual expenses while traveling abroad and mileage in the United States while proceeding to his home in obedience to orders issued to him in consequence of having incurred a disability temporarily unfitting him for duty while serving in tropical waters.
The facts in the case are substantially as follows: This officer was taken seriously ill about February, 1911, from exposure while on duty while serving on the U. S. S. Princeton in the Pacific waters on the coast of Nicaragua. In consequence, on February 16, he was ordered to proceed to a Government hospital at Panama City, Panama, for treatment, which he did, and remained there under medical treatment until March 7,1911, when he had so far become convalescent that a board of medical survey, convened for that purpose, recommended that he be granted a sick leave for *113 three months. On March 16, 1911, the Chief of the Bureau of Medicine and Surgery disapproved said recommendation and further recommended that claimant be “ transferred to the naval hospital, Mare Island, Cal., for treatment, observation, and disposition.”
On March 11, 1911, claimant was ordered by the proper authorities to proceed to his home, and upon his arrival there was granted three months’ leave. He was discharged from the hospital on March 15, 1911, and in obedience to said order proceeded to his home, which was at Quanah, Tex. The mileage and traveling expenses sued for in this case were incident to said journey.
The statute regulating mileage in the Navy is the act of March 3, 1901, 31 Stat. L., 1029:
“That in lieu of traveling expenses and all allowances whatsoever connected therewith, including transportation of baggage, officers of the Navy traveling from point to point within the United States under orders shall hereafter receive mileage at the rate of eight cents per mile, distance to be computed by the shortest usually traveled route; but in cases where orders are given for travel to be performed repeatedly between two or more places in the same vicinity the Secretary of the Navy may, in his discretion, direct that actual and necessary expenses only be allowed. Actual expenses only shall be paid for travel under orders outside the limits of the United States in North America.”
It is the contention of the Government that the claimant is not entitled to recover expenses and mileage under this statute for the reason that he was not traveling on “ public business” within the act of June 30, 1876, 19 Stat. L., 65. Without quoting the latter act in full, it is sufficient for the purposes of this case to say that it provides for payment for mileage and expenses in the Navy only in case of travel on “ public business.” Hence the question for decision in this case is whether the travel of the claimant above described was travel on “ public business.”
The rule is well settled that the terms of an order given for travel, or for that matter for any other purpose, can not determine the character of the travel or the service performed, but that question must be determined by the court from the particular facts in each case. Curry v. United *114 States, 47 C. Cls., 893, 398; McGovern v. United States, 36 C. Cls., 63; Leach v. United States, 44 C. Cls., 132; Doyle v. United States, 46 C. Cls., 181.
It can not be denied in this case that if the claimant, when he took this journey home, did it for his own pleasure or on private business he is not entitled to mileage. Perrimond v. United States, 19 C. Cls., 509; Barker v. United States, Id., 291. But that is not this case. The claimant did not ask for and receive the ordinary leave of absence. He was in a hospital under treatment for serious illness and had so far recovered that it was recommended that a sick leave for three months was advisable. It should be here noted that the Chief of the Bureau of Medicine and Surgery, after the departure of claimant for home (doubtless being unadvised of that fact) disapproved of this recommendation and further recommended that the claimant be sent to the naval hospital at Mare Island for treatment. This fact is very significant as to the character of the journey which the claimant made to his home under the order of his superior officer, showing that it was ordered to be done and was done for the purpose of regaining his health. Certainly if he had not gone, and the recommendation of the superior medical officer had been followed, as it doubtless would have been, and he had been sent to the hospital at Mare Island for treatment, the expense to the Government would have been far more than the payment of his mileage home. The trip home was for the same purpose, doubtless more beneficial and less expensive to the Government. It appears from the record in this case that the disease with which the claimant was afflicted was contracted while he was on duty, and it would be cruel as well as contrary to law to order him home to recuperate at his own expense.
In conclusion we believe the sending to his home of a sick officer while convalescent for the purpose of allowing bim to regain his health is sending him on public business within the meaning of the law, from which it follows that the claimant is entitled to a judgment in the sum of $127.37, and it is so ordered.
All concur.