Geah:am, Judge,
delivered the opinion of the court:
The plaintiff, Vincent M. Elmore, a lieutenant colonel, Inspector General’s Department, with rank as such from July 1, 1920, while on duty at Honolulu, Hawaii, made application July 17, 1922, for retirement from active service. At this time he was under an order of assignment to service outside of the continental limits of the United States, termed “ a tour of foreign service,” which expired on January 23, 1923.
The following are the statutes applying to this case:
Act of June 12,1906 (34 Stat. 246), which provides:
“ That hereafter officers, active and retired, when traveling under competent orders without troops, and retired officers who have so traveled since March third, nineteen hundred and five, shall be paid seven cents per mile and no more; distances to be computed and mileage to be paid over the shortest usually traveled routes, with deduction as hereinafter provided, and payment and settlement of mileage accounts of officers shall be made according to distances and deductions computed over routes established and by mileage tables prepared by the Paymaster-General of the Army under the direction of the Secretary of War.”
Act of June 10,1922 (42 Stat. 625), increasing the mileage allowance to officers of the Army from 7 cents to 8 cents per mile.
Act of May 18, 1920 (41 Stat. 604), providing:
“ That hereafter when any commissioned officer, * * *
having a wife or dependent child or children, is ordered to make a permanent change of station, the United States shall furnish transportation in kind from funds appropriated for the transportation of the Army, the Navy, the Marine Corps, the Coast Guard, the Coast and Geodetic Survey, and the Public Health Service, to his new station for the wife and dependent child or children: * * *.”
On September 29 the War Department issued an order which stated that the plaintiff—
“ * * * is relieved from his present assignment and duties in the Hawaiian Department, effective upon com *177 pletion of his present tour of foreign service, and is assigned to duty as inspector, Fourth Corps Area, Fort McPherson, Georgia.”
He received this order on October 18,1922. As stated, his assignment at Honolulu terminated on January 23,1923, and under this order he was then to proceed to Fort McPherson to take up his new duties. The order did not authorize him to leave before that date, and had no other orders been issued it would have been his duty to remain at Honolulu until January 23 and then proceed to Fort McPherson, in which event he would have been entitled to mileage and transportation for his family (sec. 12, act of May 18, 1920, 41 Stat. 604), it being an order to “ make a permanent change in situation.” But this did not occur.
On October 18, 1922, he received the following order from the War Department, dated October 2:
“ Leave of absence on account of sickness for three (3) months is granted to Lieutenant Colonel Vincent M. Elmore, inspector general.”
This order relieved him from duty and entitled him to travel where he pleased for a period of 90 days, the traveling expenses of himself and his family, should they go with him, being borne by him. He would have been entitled to no mileage while traveling and no reimbursement for the transportation of his family. This leave of absence expired prior to January 23.
Under this order and the preceding one, assigning him to Fort McPherson, his post of duty continued to be Honolulu until January 23, 1923, and had he then traveled to Montgomery with his family, there being no order directing him to proceed there, he would have done so without orders and been entitled to no reimbursement. At any time before the expiration of his sick leave and before his tour of foreign service expired both of the orders referred to might have been canceled and superseded by other orders, such as one directing him to report for duty immediately at Fort McPherson. Though on leave of absence, his assignment was at Honolulu until January 23.
*178 On October 16, 1922, there was issued by and plaintiff received from the department commander at Hawaii the following order:
“ In compliance with instructions contained in letter from the War Department, A. G. O. (A. G. 210.31, 9-1-22) September 29, 1922, and paragraph 34, Special Orders, No. 229, War Department, current series, Lieutenant Colonel Vincent M. Elmore, inspector general, these headquarters, is relieved from his present assignment and duty in this department, effective upon completion of his present tour of foreign service, January 23, 1923, and upon the expiration of the leave of absence granted him by paragraph 23, Special Orders, No. 231, War Department, current series, on account of sickness, will proceed to Fort McPherson, Georgia, reporting upon arrival to the commanding officer, Fourth Corps Area, for duty. The travel directed is necessary in the military service and is chargeable to procurement authority FD 27 P 2451 A 3.”
It will be seen from this order that it simply embodies the two preceding orders of the War Department. In the last sentence of that order the words “ travel directed ” contemplated transportation from Honolulu to Fort McPherson at the expiration of his assignment at Honolulu.
Plaintiff remained in the discharge of his duties at Honolulu until November 10, when he voluntarily embarked, with his family, on an Army transport for San Francisco. On arrival there he proceeded with his family by rail to Montgomery, Ala., his home, which was on the direct and shortest line of travel between San Francisco and Fort McPherson. He paid nothing for his passage on the transport, this being allowable under the regulations. The transportation of himself and family from San Francisco to Montgomery was paid by himself. At the time he left Honolulu no order was then in effect directing him to go to Montgomery or anywhere else. The order assigning him to Fort McPherson was not effective before January 23, 1923. He therefore did not travel by order on public business, nor was the travel necessary in the military service. He took his journey without any existing order which would entitle him to mileage or reimbursement for traveling ex *179 penses of Ms family. This was the situation when he arrived at Montgomery.
While at Montgomery, on December 15, 1922, he received the following order from the War Department at Washington, dated December 5:
“ Par. 27. .Under the provisions of the act of June 30, 1922 (42 Stat. 722), as amended by the act of September 14, 1922 (42 Stat. 840), Lieutenant Colonel Vincent M. Elmore, Infantry, having served more than twenty-three years as a commissioned. officer and being in excess of the number authorized by said act, is, by direction of the President, placed upon the unlimited retired list effective December 15, 1922.
“ Lieutenant Colonel Elmore will proceed to his home. The travel directed is necessary in the military service and is chargable to procurement authority FD 26 P 2451 A 3.”
This order superseded the previous orders. It relieved him from duty and placed him “ upon the unlimited retired list effective December 15, 1922 ”; ordered him “ to proceed to his home,” and provided, further, that this travel to his home was “ necessary in the military service and * * * chargeable to procurement authority,” etc.
This order entitled him to mileage for himself and traveling expenses for his family incurred after the order became effective. Had he remained at Honolulu he would have been entitled to mileage and transportation for his family to his home in Montgomery, on the strength of this last order. An officer can only recover mileage and be reimbursed for traveling expenses of his family under the conditions required by the statute, and the prerequisite of the statute is an order issued by competent authority directing or authorizing him to travel. Until ordered to move, he is expected to remain at his post, unless granted leave of absence, during which time he travels, without orders at his own expense. Had the first order directed him to proceed to his home at Montgomery to await further orders, he might with some reason have claimed his mileage, as to which, however, we express no opinion. But it did not. On the contrary, it ordered him to leave Honolulu after January 23, 1923, and to go to Fort McPherson.
*180 Before the order was issued he had voluntarily so placed himself that the order allowing him travel to his home was unnecessary. He was already at the place to which he had been ordered, and acted under no order in doing so. In Perrimond v. United States, 19 C. Cls. 509, this court said:
“ Mileage is a form of reimbursement for money expended by an officer in the Government’s service, and public business is the foundation on which mileage rests. The evidence produced does not lay that foundation. From it we must infer that private delinquency and not public business was the cause of the travel, and that the officer disbursed nothing for the Government.”
The plaintiff in this case did not travel to his home on public business, and he consequently did not disburse anything in behalf of the Government. His course was dictated by personal convenience and not by the needs of the service. The mere fact that he was on sick leave does not alter the case. Sick leave merely entitled him to a respite from military duty and was solely for his accommodation. Herbert S. Foster v. United States, 43 C. Cls. 170.
It is unnecessary in this view of the case to enter into any discussion of the question of whether an officer who has been ordered home on retirement is entitled to transportation allowances for his wife and dependent children. If the plaintiff was not entitled to mileage under the circumstances, he was not entitled to transportation for his family.
The petition should be dismissed, and it is so ordered.
Hay, Judge; Downey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.