## DAY v. UNITED STATES.
### No. 49939.

United States Court of Claims.
June 3, 1952.

Fred W. Shields, Washington, D. C., for the plaintiff. King & King, Washington, D. C., were on the brief.

Wilson Myers, Washington, D. C., with whom was Asst. Atty. Gen. Holmes Baldridge, for defendant. Paris T. Houston, Washington, D. C., was on the brief.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and HOWELL, Judges.

LITTLETON, Judge.

Plaintiff sues to recover the difference in the travel allowance paid to him by the Navy at the rate of five cents per mile as an enlisted man and mileage at the rate of eight cents per mile payable to officers for the travel performed from San Francisco, California, to Norfolk, Virginia, in connection with the termination of his temporary appointment as an officer, his transfer to the Fleet Reserve, and his relief from active duty. During World War II plaintiff, an enlisted man with the permanent rating of Chief Electrician Mate, had received a temporary appointment as an officer in the Navy pursuant to the provisions of Sec. 2 of the Act of July 24, 1941, 55 Stat. 603, 34 U.S.C.A. § 350a. On June 1, 1947, while serving aboard the U. S. S. Estes in the Navy Yard at Bremerton, Washington, plaintiff received orders issued by the Secretary of the Navy on February 7, 1947, notifying him of the pending termination of his temporary appointment.[1] These orders, entitled "Termination of temporary appointment; Transfer to Fleet Reserve and relieved of all active duty," detached plaintiff from duty at his present station and directed him to report to the Naval Receiving Station, San Francisco, California, for temporary duty. The orders then provided as follows:

"3. Upon the completion of temporary duty outlined above, your commanding officer will grant you terminal leave in the amount to which entitled, as shown by your 'Officer's Leave Record'. Upon termination of the leave granted, the President terminates your appointment as a Lieutenant for temporary service, and at your own request you are transferred immediately to the Fleet Reserve, Class F-4-D. Concurrent with the termination of your temporary appointment and transfer to the Fleet Reserve, you will regard yourself relieved of all active duty in the U. S. Navy.

"4. Upon the expiration of leave granted in these orders you will not be required to return to the command designated in paragraph 1 for the purpose of transfer to the Fleet Reserve.

\*   \*   \*   \*   \*   \*

"8. In accordance with reference (c) the travel allowance to which you are entitled is that computed at the rate of five cents per mile from your last duty station to the place of acceptance for last enlistment, or your home, as indicated in your current service record, which also shows your home of record. This allowance will be paid to you on public voucher (Standard Form 1034) on date of transfer to the Fleet Reserve.

"9. Upon your release from active duty your temporary status will terminate. Under recent legislation you are eligible to be advanced to the highest grade in which, as determined by the Secretary of the Navy, you served satisfactorily under a temporary appointment. \* \* \*."

In accordance with these orders plaintiff reported to the Naval Receiving Station in San Francisco on June 2, 1947, and

---

1. The Act of July 24, 1941, supra, as amended, 34 U.S.C.A. § 350i(a) provides as follows: "Personnel appointed or advanced under the authority of sections 350–350j of this title may be continued in their temporary status during such period as the President may determine, but not longer than six months after the termination of war or national emergency or, in the case of reserve and retired personnel, not longer than the period specified in this section or the date of release from active duty whichever is the earlier and in no case longer than six months after the termination of war or national emergency. Upon the termination of their temporary status such personnel on the active list of the Regular Navy and Marine Corps shall assume their permanent status and those of the retired list and of the respective Reserve Components, including the Fleet Reserve and Fleet Marine Corps Reserve, shall have, when returned to an inactive status, the highest grade and rank in which, as determined by the Secretary of the Navy, they served satisfactorily under a temporary appointment, unless entitled to the same or higher grade and rank pursuant to section 350g of this title."

remained there until June 4, 1947. On this date plaintiff received sixty days' terminal leave and immediately left for his home in Norfolk, Virginia, traveling at his own expense. Plaintiff's temporary appointment as Lieutenant continued during the period of terminal leave. At midnight of August 3, 1947, plaintiff's leave expired, whereupon his temporary appointment as Lieutenant terminated, and he resumed his permanent status of Chief Electrician Mate. Simultaneously, his transfer to the Fleet Reserve became effective, and he was released to inactive duty. On August 7, 1947, plaintiff received a final travel allowance as an enlisted man of five cents per mile from San Francisco to Norfolk, as specified in his orders and in accordance with a directive issued by the Secretary of the Navy, Sec. Nav. ltr. Pers–8110 CSM: cfr, L20–5, September 27, 1946, set forth in Finding 4.

It is plaintiff's contention that a member of the military forces whose temporary appointment as an officer is terminated and who is transferred to the enlisted Fleet Reserve and placed on inactive duty, all in the same orders, is entitled to be paid for travel to his home at the rate of eight cents per mile authorized for officers released from active duty rather than at the rate of five cents authorized for enlisted personnel released from active duty. Plaintiff relies upon the provisions of 37 U.S. C.A. § 112, and insists that he comes within the pertinent requirements set forth therein. Plaintiff further urges that Sec. 7 of the Act of July 24, 1941, supra, 34 U.S.C.A. § 350f, provided for the pay and allowances of the office he temporarily occupied, including the mileage here sued for, and that the statute in fact prohibited him from receiving any pay and allowances other than those provided by law for the position he temporarily occupied. Plaintiff also argues that the travel to his home while on terminal leave was performed at a time when he was legally an officer and serving as such on active duty, and that the Navy might reasonably have supposed that he would travel to his home during the period of his terminal leave.

Defendant argues that the orders of the Secretary of Navy of February 7, 1947, afford concrete proof that plaintiff was released to inactive duty as an enlisted man and not as an officer in that they specified that action be taken in the following sequence: (1) plaintiff's temporary appointment as Lieutenant be terminated and he revert to his permanent enlisted rating, (2) that he be transferred to the Fleet Reserve in his permanent enlisted rating, and (3) that he be released to inactive duty. Similarly defendant insists that the provisions in these orders for travel allowances at the rate of five cents per mile establishes the intent of the Navy Department to release plaintiff to inactive duty as an enlisted man rather than as an officer. Defendant also contends that plaintiff was not traveling under orders during the period of terminal leave and that plaintiff did not become entitled to his travel allowance until his release from active duty at the expiration of his terminal leave, at which time he had reverted to an enlisted status.

The statutory provision for travel allowances of enlisted personnel, 39 Stat. 217, as amended, 34 U.S.C.A. § 895, under which plaintiff was actually paid and upon which defendant relies, provides as follows:

> "An enlisted person of the Navy or Marine Corps, including Reserve components thereof, upon discharge except by way of punishment for an offense, retirement, or relief from active duty, shall, under such regulations as the Secretary of the Navy Department may prescribe for personnel under his jurisdiction, receive a money allowance of 5 cents per mile for the distance from the place of discharge or release from active duty to his home, or place of acceptance for active duty, or place from which ordered to active duty, or such other place as may be determined to be most appropriate by the Secretary. * * *"

█ Although plaintiff actually traveled to Norfolk while still an officer, that is, during the period of terminal leave, this fact does not entitle him to receive the mileage payable to an officer. Mileage is a form of reimbursement for money expended by an officer traveling in the Gov-

ernment's service in the performance of public business. Perrimond v. United States, 19 Ct.Cl. 509. Travel performed while on leave is not regarded as travel on public business under competent orders; rather, during a period of leave an officer travels at his own expense. Elmore v. United States, 61 Ct.Cl. 173. Thus, as defendant has contended, plaintiff's right to receive a travel allowance accrued, under the circumstances of this case, upon the expiration of his terminal leave, and upon his release from active duty, rather than during the period of terminal leave. However, the voluntary performance of the travel by plaintiff during this period did not destroy his right thereafter to receive the statutory travel allowance to which he was entitled at the proper time for its payment.

The events which transpired at midnight of August 3, 1947, at the conclusion of plaintiff's terminal leave, took place simultaneously and did not, in our opinion, necessarily occur in any particular sequence. They were all contained in one Order. The dominant fact is that plaintiff was still serving as an officer under his temporary appointment on his last full day of active duty, August 3, 1947. Plaintiff did not revert to his permanent enlisted rating while on active duty. Hence, it was in connection with his release from active duty in the status of an officer, rather than his release from active duty as an enlisted man, that the right to the travel allowance accrued. This, we think, is in accord with the spirit and intention of the statute. The conditions which surround plaintiff's release from active duty as an officer of the Navy meet all the statutory requirements for the mileage to officers. These requirements, specified in the Act of June 16, 1942, 56 Stat. 364, as amended, 37 U.S.C. 112 (1946 Ed.), are as follows:

"Officers of the Army, Navy, Marine Corps, Coast Guard, Coast and Geodetic Survey, and the Public Health Service including active and retired personnel of the Regular Establishments and members of the Reserve components thereof and the National Guard, while on active duty in the Federal service, when traveling under competent orders without troops, including travel from home to first station in connection with their appointment or call to active duty and from last station to home in connection with relief from active duty or discharge not the result of their own misconduct, shall receive a mileage allowance at the rate of eight cents per mile, distance to be computed by the shortest usually traveled route. * *"

When the terms of the statute not here pertinent are eliminated, the provisions of the statute here pertinent require only that an officer of the Navy travel under orders without troops, *including travel from last station to home in connection with relief from active duty,* in order to receive the mileage allowance at the rate of eight cents per mile. The defendant admits that plaintiff was an officer until the moment of his relief from active duty, including the period of his terminal leave, and it admits that plaintiff traveled under competent orders without troops within the meaning of the statute, but defendant's whole case is predicated upon the contention that plaintiff did not and could not travel from his last station to his home as an officer of the Navy because upon the termination of his temporary appointment and active duty as an officer, he traveled as an enlisted man. The controlling language of the statute states that "Officers of the * * * Navy * * * when traveling * * * from last station to home in connection with relief from active duty * * * shall receive a mileage allowance at the rate of eight cents per mile." We think the proper interpretation of this language is that the status of the person at the time of his relief from active duty is controlling, rather than his status or rank during the time he travels from his last station to his home. Obviously, one who is an officer after release receives the eight cents per mile, but the statute does not say that such person must hold the rank of an officer while traveling from his last station to his home, it says merely that the travel must be "in connection with relief from active duty," and we think the words "as an officer" are

to be implied after the word duty. We think it is clear from the statute as a whole and the circumstances that prompted its enactment, that Congress must have intended that one who had faithfully served as an officer, in a permanent or temporary rank, should have the travel allowance of eight cents per mile. In this case the travel referred to in the statute, was in connection with relief from active duty as an officer, for plaintiff was on active duty until the moment of his relief from active duty. The plaintiff was not on active duty for any period of time as an enlisted man after he was released from active duty as an officer. Therefore, the travel from last station to home was in connection with plaintiff's relief from active duty as an officer.

█ Disregarding the fact that plaintiff had returned to his home while on terminal leave, which as we have said does affect his right to collect a travel allowance, plaintiff was an officer of the Navy traveling under competent orders without troops from his last duty station to his home in connection with his relief from active duty. He, therefore, satisfies the plain literal terms of the statute, and we accordingly hold that plaintiff is entitled to receive the higher mileage allowance of eight cents per mile provided by law for officers.

· We find no requirement in the statute that the officer continue to be an officer *after* his release from active duty and during the time he is traveling. In our opinion, the statute requires only that the officer in question be an officer at the time of "relief from active duty." Similarly, we believe that section 895 of Title 34, supra, which authorizes a travel allowance for enlisted personnel, is intended to be applied to persons who are on active duty as enlisted men in the Navy, and who are being released from active duty as such, regardless of their status thereafter.

█ Although plaintiff's appointment as an officer was only temporary, we think that this should not prejudice his right to receive the allowances provided by law for all officers. As plaintiff has pointed out,

the statute under which he received his appointment contained the further provision that officers thus appointed should be entitled to the pay and allowances of the position temporarily occupied. This provision, Sec. 7(a), Act of July 24, 1941, 55 Stat. 603, 604; 34 U.S.C.A. § 350f, in so far as here material, provides that:

"The permanent, probationary, or acting appointments of those persons temporarily appointed in accordance with the provisions of this Act shall not be vacated by reason of such temporary appointments, such persons shall not be prejudiced thereby in regard to promotion, advancement, or appointment in accordance with laws relating to the Regular Navy or Marine Corps, and their rights, benefits, privileges, and gratuities shall not be lost or abridged in any respect whatever by their acceptance of commissions or warrants hereunder: *Provided,* That except as otherwise provided herein no person who shall accept a commission or warrant under sections 2 and 3 of this Act shall, while serving thereunder, be entitled to pay or allowances except as provided by law for the position temporarily occupied: * * *."

The mileage allowance payable in connection with relief from active duty is, in our opinion, one of the allowances to which this section has reference. Moreover, Congress has since provided in the Career Compensation Act, October 12, 1949, Title V, Sec. 511, 63 Stat. 802, 829, 37 U.S.C.A. § 311, that members of the uniformed services may receive retired pay based upon "the highest federally recognized rank, grade, or rating, whether under a permanent or temporary appointment, satisfactorily held, by such member * * *." Thus it is apparent that the indications given by Congress of the treatment intended to be afforded temporary officers are in accord with the conclusion we have reached in this case.

█ Counsel for defendant rely upon a decision of the Comptroller General, 24 Comp. Gen. 641, 644, holding that enlisted

men temporarily appointed officers are not entitled to the mileage allowance of eight cents per mile for travel performed in connection with orders relieving them from active duty and at the same time terminating their appointments. The Comptroller General reasoned that,

> "* * * A different conclusion would give such temporary officers upon discharge or transfer to the Fleet Naval Reserve, in the status of enlisted men, the rights and benefits provided by the mileage laws for officers released from active duty or discharged from the naval service in the status of officers. * * *"

In our opinion the basis for this conclusion is not in accord with the purpose and intention of the statute, and accordingly we respectfully decline to follow it. Likewise, under the facts existing here, we do not feel bound by the Navy's construction of these statutes contained in ALNAV 4, Navy Bulletin January 15, 1947, page 13. Ordinarily a contemporaneous and long continued construction of a statute by those charged with its execution is entitled to much weight. United States v. Sweet, 189 U.S. 471, 23 S.Ct. 638, 47 L.Ed. 907; United States v. Johnston, 124 U.S. 236, 8 S.Ct. 446, 31 L.Ed. 389. Here, however, the Navy's interpretation was issued after the opinion of the Comptroller General and appears to have been based upon it. It was not therefore an independent administrative interpretation by those charged with the execution of these statutory provisions, and was not, at the time of plaintiff's release to inactive duty in 1947, an interpretation of long standing.

We conclude, upon the whole case, that plaintiff is entitled to recover $96.51, representing the difference between the travel allowance of five cents per mile paid to him as an enlisted man and the mileage allowance of eight cents per mile due him for travel in connection with his release as an officer.

It is so ordered.

JONES, Chief Judge, and HOWELL, MADDEN and WHITAKER, Judges, concur.