Nott, J.,
delivered the opinion of the court:
These cases disclose three routes of travel from Yillefranche to New York. The first, via Marseilles, Paris, and Havre, is *515 4,491 miles; the second, via Paris and Liverpool, is 4,675; the third, via Marseilles, Palermo, Naples, Gibraltar, and Cadiz, is 5,782; yet in 1882 the longest route was the cheapest, the transportation of an officer costing only $92.20.
When these officers were ordered home from Villefranche the orders manifestly were framed in the belief that the government owed them transportation in kind and not mileage. In the case of Midshipman Richardson the order announced that the paymaster would “provide transportation via steamer from Marseilles to New York; ” and there apilarently being no steamer direct from Marseilles to New York, the paymaster procured transportation for the officer on one which went by the circuitous and winding way of Palermo, Naples, Gibraltar, and Cadiz. In the case of Surgeon Du Bose, the order directed that “ transportation to New York will be furnished by such steamer as Assistant Surgeon Du Bose may select;” and he selected one which involved the second route, via Paris and Liverpool.
Mileage is founded “on public business,” as we said in the case of Perrimond (ante). If the public business was an element in the claimants’ circuity of route, they should recover; if it was not, the government is not answerable for the needless distances which they traversed.
It is manifest that the public business had nothing whatever to do with the routes selected. These cases, indeed, do not come within the primary intent of the statute. The one springs out of the mistake of the superior - officer who supposed that transportation in kind should be furnished; the other out of his courtesy, which authorized the claimant to select the vessel on which he would return; both rest, on an erroneous supposition of what the law then was.
When the cases came into the Treasury, the accounting officers did not trace a direct route upon the chart from Marseilles to New York, and award the claimant the smallest possible amount of mileage, but ascertained the distance by the shortest traveled steamer route, viz, l^y Paris and Havre, and allowed that mileage to the claimants. In doing that the accounting officers gave the true construction to the statute, and applied it both according to its letter and its spirit.
The judgment of the court is that the petitions be dismissed.