Nott, J.,
delivered the opinion of the court:
Under the different provisions of law which are declared by the Acts 3d March, 1835 (4 Stat. L., p. 755, § 2), 16th June, 1874 (18 id., p. 72), 30th June, 1876 (19 id., p. 65), 5th August, 1882 (22 id., p. 284, 286), officers in the Navy are entitled to mileage “for traveling expenses when under orders’7 (act 1835), except in the following instances:
“ Officers of the Navy traveling abroad under orders hereafter issued shall travel by the most direct route, the occasion and necessity for such order to be certified by the officers issuing the same; and shall receive, in lieu of the mileage now allowed by law, only their actual and reasonable expenses.77 (Act 5th August, 1882, 22 Stat. L., p. 286.)
Chronologically stated, the Navy appropriation act 1835 gives mileage; the Army appropriation act 1874 takes it away; the Navy appropriation act 1876 restores it; and the Navy appropriation act 1882 withholds it from travel abroad.
The question presented by this case is whether travel from one city in the United States to another city in the United States, from San Francisco to New York, is travel abroad.
On the 22d of May, 1890, the claimant, a lieutenant-commander in the Navy, was ordered to proceed by steamer from San Francisco to New York in charge of a detachment of men. He obeyed the order, and claimed mileage. The accounting offt- *140 cers allowed him his actual expenses, $97, but refused mileage.
If the officer’s discretion had not been interfered with by his superior officer, if he had been left free to travel by any route he deemed best, he would have been bound to take the shortest route of ordinary travel; and whether he did so or not, his mileage would have been computed by that route (Du Bose’s Case 19 C. Cls. R., 514; Hannum’s ib., 516). In other words, he would have been bound to have traveled from San Francisco to New York by rail; and if the lines of railway travel varied in length, he would have been entitled to mileage only for the shortest.
The legislation on this subject must not be regarded as arbitrary, but as founded on some just and rational princiifie. Travel abroad ordinarily involves long ocean voyages, where mileage ceases to be reimbursement and becomes emolument. Travel at home is usually for shorter distances and involves innumerable petty disbursements, running down to 10 cents for a street car or 35 cents for a dinner, as may be seen in the annual reports of the Attorney-General. The purpose of the statutes undoubtedly is that the reimbursement for traveling expenses abroad shall be the actual outlay of the officer, and for traveling expenses at home shall be commuted in the form of mileage. And the principle which governs the computation of mileage is that where the officer is left free to exercise his discretion he must select an ordinary route, but where a route is prescribed for him by superior authority he is entitled to mileage for the distance actually traveled. It, therefore, at first seems that the officer in this case must be entitled either to mileage by the way of the isthmus — that is, for the route he was ordered to take — or merely to the reimbursement of his actual expenses. But there are some other elements which should enter into the consideration of the case.
Travel abroad, in the ordinary acceptation of that very common term, means travel in foreign parts. Travel at home means travel where the point of departure and the point of destination are both in- one’s own country. An officer ordered from Norfolk to New York would not be traveling abroad because the steamer went upon the high seas. An officer ordered from Niagara Falls to Detroit would not be traveling abroad because he took the shortest railroad route and his journey lay *141 wholly through Canada. An officer ordered from Charleston to Savanah would not be traveling abroad because he took the steamer instead of the train.
But the travel in the present case was complex in character. It was travel at home in its design, i. e., in its object being to pass from one point to another point in one’s own country; it was travel abroad in its nature, i. e., in its being by a vastly circuitous route on the high seas and through a foreign country. If the officer had selected this route voluntarily he certainly would not be permitted to reap any advantage from so doing. But here all discretion had been taken from him by his superior officer aud duty was assigned to him which left no alternative.
It therefore seems clear, on the one hand, that the officer should not be deprived of his statutory right to mileage for traveling from one point in his own country to another, and on the other hand that his mileage should not extend -to a kind of travel which in its nature was travel abroad. If the actual expenses had been greater than mileage by the ordinary railroad route, the officer would have had a right to present his account for actual expenses, and the order to proceed by sea and the isthmus would have been sufficient authority for his reimbursement. Conversely, when the mileage by the ordinarily traveled route was greater than the actual expenses of the other, the officer had the right to present his account for mileage, and the order to proceed from San Francisco to New York was sufficient authority for its payment.
It is the opinion of the court that the claimant is entitled to recover mileage for 3,266 miles, at 8 cents per mile, amounting to $261.28, less $97, which has been paid to him; and it is the judgment of the court that he recover $164.28.