## UNITED STATES *v.* HUTCHINS.

### APPEAL FROM THE COURT OF CLAIMS.

No. 729. Submitted January 8, 1894. — Decided February 5, 1894.

A naval officer, travelling under orders from San Francisco to New York by way of the Isthmus of Panama, is to be considered, under the statutes applicable to the case, as travelling under orders in the United States, and as entitled to eight cents per mile, measured by the nearest travelled route.

THIS was a petition for mileage from the navy-yard at Mare Island, in the harbor of San Francisco, to New York.

The Court of Claims found the following to be the facts:

(1) The claimant is an officer in the navy, to wit, a lieutenant-commander. He was serving as such on the 22d day of May, 1890, when he was ordered to proceed by steamer from San Francisco to New York *via* the Isthmus of Panama, in charge of a detachment of men.

(2) He did so proceed from San Francisco to New York, a distance of 6186 miles, and paid his own transportation and expenses, which were afterwards refunded to him, in the sum of ninety-seven dollars ($97), but he was not allowed or paid anything on account of mileage.

. (3) The distance from San Francisco to New York by the shortest usually travelled route is 3266 miles.

Upon the foregoing facts, the court held as matter of law that claimant was entitled to recover mileage at the rate of eight (8) cents a mile for 3266 miles, deducting therefrom the sum of $97 paid to him for expenses; and a judgment was accordingly rendered in his favor for the sum of $162.28, and the United States appealed.

*Mr. Assistant Attorney General Dodge* and *Mr. Charles C. Binney* for appellants.

*Mr. John Paul Jones*, for appellee, submitted on the opinion of the Court of Claims.

MR. JUSTICE BROWN, after stating the case, delivered the opinion of the court.

By Rev. Stat. § 1566, "An allowance of ten cents" (subsequently reduced to eight cents, act of June 30, 1876, c. 159, 19 Stat. 65) "a mile may be made to officers in the naval service, . . . for travelling expenses when under orders," but by the act of August 5, 1882, c. 391, 22 Stat. 286, "officers of the navy travelling abroad under orders . . . shall receive, in lieu of the mileage now allowed by law, only their actual and reasonable expenses," etc.

The same act and every subsequent navy appropriation act provided for the travelling expenses of naval officers under orders in the following words: ". For mileage to officers while travelling under orders in the United States, and for actual personal expenses of officers while travelling abroad under orders."

The sole question presented in this case is whether a naval

officer travelling under orders from San Francisco to New York, by the way of the Isthmus of Panama, is to be considered under the acts above cited as travelling *abroad*, for which he is to be entitled' only to his actual expenses, or as travelling under orders *in the United States*, for which he is entitled to eight cents per mile. Why officers are allowed by Congress mileage in one case and not in the other is not altogether clear, but probably the view suggested by the court below is correct, viz., that travelling at home is ordinarily for such short distances, and the disbursements therefor are generally for such petty amounts, that to save the necessity of the officer keeping a minute account of each outlay and the accounting officers of the Treasury passing upon the reasonableness of every small item, it was thought better to allow the officer a fixed mileage by the shortest travelled route, leaving him at liberty, under certain circumstances, and where his orders are not to proceed by a particular route, to choose his own. For instance, if he were ordered from Boston to New Orleans, and for his own purposes he elected to travel by way of Chicago, it might be difficult for him to determine what his expenses would have been if he had taken the direct route, whereas the computation of mileage by such route would be an easy matter.

We think the Court of Claims was correct in its conclusion that the question whether travel is abroad or within the United States should be determined by the termini of the journey rather than by the route actually taken. Instances are frequent where an officer ordered from one place to another within the United States is obliged to perform the whole or a substantial part of his journey either upon the high seas or upon foreign soil. If, for example, he were ordered from Buffalo to Detroit, or from New York to Galveston by sea, it would be sticking in the bark to speak of either as "travel abroad," because in one case the most direct route lies through Canada, and in the other the voyage is made upon the high seas. While the voyage in question was not literally "in the United States," it was such within the intent and spirit of the enactment. An officer is to be understood as

·travelling *abroad* when he goes to a foreign port or place under orders to proceed to that place, or from one foreign port to another, or from a foreign port to a home port. But where he is ordered to proceed from one place in the United States to another, and the government for its own purpose requires him to proceed by sea rather than by land, he ought not thereby to be disentitled to his mileage by the nearest travelled route. It may be conceded in this case that, if the petitioner had been ordered to Panama, and upon arrival there had found orders awaiting him to proceed to New York, he would have been entitled only to his expenses; but where he is ordered from San Francisco to New York by way of Panama, he should be considered as making but a single journey, and that within the United States. Whether, if his actual expenses in such case had exceeded his mileage by the nearest route, he would have been entitled to such expenses, is not presented by the record in this case, and we express no ·opinion upon the point.

There was no error in the judgment of the court below, and it is, therefore, *Affirmed.*