*477 MEMORANBUM by the court.
The claim is for travel pay by an Army officer who was ■ordered to proceed from the Presidio of Monterey, Calif., to Mare Island Navy Yard, thence to proceed on a naval transport to Hampton Eoads, Va., and thence to Washington, D. C., where he was to report for duty. He traveled under this order on the transport Henderson via Panama Canal to Hampton Eoads.
1. The act of June 24,1906, 34 Stat. 246, authorizes certain mileage, distances to be computed over the shortest usually traveled routes. It provides that for “ sea travel ” actual expenses only shall be paid, and further, among other places that travel in the home waters of the United States or between the United States and Alaska “ shall not be regarded us sea travel.”
2. Before the act of 1906 was passed it had been held by the Supreme Court, affirming this court in Hutchins ease, 151 U. S. 542, that under a statute regulating the pay of naval officers and providing for mileage while traveling under orders, in the United States, and for actual expenses while traveling abroad, the question of whether the travel was abroad or within the United States “ should be determined by the termini of the journey rather than by the route actually taken.” In that case the travel was under *478 orders from San Francisco to New York via the Isthmus of Panama. The Supreme Court say:
“ While the voyage in question was not literally ‘in the United States,’ it was such within the intent and spirit of the enactment. An officer is to be understood as traveling abroad when he goes to a foreign port or place under orders to proceed to that place or from one foreign port to another, or from a foreign, port to a home port. But where he is ordered to proceed from one place in the United States to another, and the Government for its own purpose requires him to proceed by sea rather than by land, he ought not thereby to be disentitled to his mileage by the nearest traveled route.”
The Congress knew of this construction when they passed the act of 1906, and it may be reasonably held that they intended “sea travel” in the act to mean substantially what travel abroad was held to mean in the case cited. Declaring that a voyage between the United States and Alaska should not be accounted “ sea travel,” it is hardly to be assumed that they meant that a voyage between points in the United States would be sea travel, though it passed over only a part of the same general route.
3. It is not necessary to the officer’s right of recovery to hold that the particular voyage was entirely “in home waters,” though it actually began and ended in home waters. The act provides that the Secretary of War may determine what shall constitute travel and duty without troops within the meaning of the laws governing the payment of mileage and commutation of quarters to officers of the Army. The Army Regulations provide: “Travel in the Philippine Archipelago * * * and the home waters of the United States is confined to travel in which both termini of the journey are in one of the above places.” A. R. 1913, sec. 1279. Thus treating travel between two termini in the United States as being “ in home waters ” for the purposes of mileage is not an unreasonable exercise of the authority conferred on the Secretary by the act in question. In accordance with this regulation, “ sea travel ” is not involved where a voyage is between two termini in the United States.
The officer is entitled to mileage computed by the shortest usually traveled route with the deductions required by the *479 statute. See Hutchins case, 27 C. Cls. 137; 151 TI. S. 542; and 20 Comp. Dec. 741.
Judgment for plaintiff in the sum of $73.94.