Williams, Judge,
delivered the opinion of the court:
Plaintiff, an Army officer, stationed at Governors Island, New York, was directed by War Department Special Orders, No. 87-0 issued April 14, 1922, to proceed on a transport scheduled to sail from New York on or about July 20, 1922, to Manila, Philippine Islands, and to report in person to the commanding general of the Philippine Department.
Later, on July 14, 1922, War Department Special Orders, No. 87-0, were amended “ so as to direct that officer [Major jBrown] to proceed on the transport scheduled to sail from New York City on or about July 20,1922, to San Francisco, California, and upon arrival in San Francisco to proceed to Manila, Philippine Islands, on the transport scheduled to leave that port on or about August 5, 1922.”
In accordance with the amended special orders the plaintiff .‘sailed from New York on July 20, 1922, on the Army transport U. S. Grant, traveling without troops, via Panama Canal, arrived at San Francisco, California, on August 8, 1922, and two days later, on August 10, 1922, sailed from there on the Army transport Thomas for Manila, Philippine Islands.
Plaintiff claims he is entitled to the travel pay allowance ■of 8 cents per mile authorized in section 12, act of June 10, 1922 (42 Stat. 631), for that part of his voyage between New York and San Francisco, California.
The statute under which the claim is made follows:
“ Sec. 12. That officers of any of the services mentioned in the title of this act, when traveling under competent orders without troops, shall receive a mileage allowance at the rate of 8 cents per mile, distance to be computed by the shortest usually traveled route and existing laws providing for the issue of transportation requests to officers of the Army traveling under competent orders, and for deduction to be made from mileage accounts when transportation is fur *461 nished by the United States, are hereby made applicable to* all the services mentioned in the title of this act, but in cases, when orders are given for travel to be performed repeatedly between two or more places in the same vicinity, as determined by the head of the executive department concerned, he> may, in his discretion, direct that actual and necessary expenses only be allowed. Actual expenses only shall be paid for travel under orders outside the limits of the United States in North America.”
Had plaintiff proceeded from New York to Manila under War Department Special Orders, No. 87, “ On a transport scheduled to sail from New York City on or about July 20,. 1922, to Manila, Philippine Islands,” on one uninterrupted, voyage, he would not have been entitled to the travel pay allowance of 8 cents per mile. His travel pay allowance' would unquestionably have been fixed by that provision of: section 12, act June 10, 1922, which reads, ^Actual expenses only shall be paid for travel under orders outside the limits of the United States in North America.” But it is urged that “the orders in terms required travel (a) from New York by way of Panama Canal to San Francisco, and (5) from San Francisco to Manila,” “ two distinct voyages,” or “ two distinct legs ” of a single voyage, and that he is entitled to the travel pay of 8 cents a mile for that part of the voy* age, or leg of the voyage, between New York and San Fran*-cisco.
This court in the case of Hutchins v. United States, 27 C. Cls. 137, laid down the rule that the destination rather than, the route taken determined whether travel under orders by Army officers was within the United States or abroad.
The Supreme Court, 151 U. S. 542, in affirming the; decision of this court in the Hutchins case said:
“We think the Court of Claims was correct in its conclusion that the question whether travel is abroad or within the United States should be determined by the termini of the journey rather than by the route actually taken. Instances are frequent where an officer ordered from one place to another within the United States is obliged to perform, the whole or a substantial part of his journey either upon! the high seas or upon foreign soil. If, for example, he' were ordered from Buffalo to Detroit, or from New York to Galveston by sea, it would be sticking in the bark to speak of either as ‘ travel abroad,’ because in the one cas© *462 the most direct route lies through Canada, and in the other the voyage is made upon the high seas. While the voyage in question was not literally in the United States,’ it was within the intent and spirit of the enactment. An officer is to be understood as traveling abroad when he goes to a foreign port or place under orders to proceed to that place.”
In this case the plaintiff was directed to take a certain transport from New York City to Manila, Philippine Islands. Later he was directed to take a transport leaving New York on or about a certain date for San Francisco, California, and upon arriving at San Francisco to proceed upon another transport to Manila, Philippine Islands.
In each case Manila was the plaintiff’s destination. It was the “ termini ” of the voyage, and by it the character of plaintiff’s travel must be determined.
Plaintiff was directed by special orders to report to the commanding general at Manila. It could make no difference whether he went all the way from New York to Manila <on one transport, or whether he traveled on one transport to San Francisco and from that point traveled on another transport to his final destination. It was one voyage, the end of which was Manila, and must be considered in its entirety. He was only entitled to his “ actual expenses for travel under orders outside the limits of the United States in North America,” as provided in section 12, act of June 10, 1922.
It is therefore the judgment of the court that plaintiff’s petition be, and the same is hereby, dismissed. And it is so ordered.
. LittletoN, Judge; GreeN, Judge; Graham, Judge; and Booth, Chief Justice, concur.