**Francis D'CRUZ, Plaintiff–Appellant,**

v.

**NCL (BAHAMAS) LTD., Defendant–Appellee.**

**No. 15–11766**

United States Court of Appeals, Eleventh Circuit.

Date Filed: 08/29/2016

Philip D. Parrish, Philip D. Parrish, PA, South Miami, FL, Paul Ansel, Paul J. Ansel, PA, Hollywood, FL, for Plaintiff–Appellant.

Richard J. McAlpin, Tyler Jon Tanner, McAlpin Conroy, PA, Brett Michael Berman, Norwegian Cruise Lines, Inc., Miami, FL, for Defendant–Appellee.

Before WILLIAM PRYOR and JILL PRYOR, Circuit Judges, and STORY,* District Judge.

PER CURIAM:

The only issue in this appeal is whether a seaman's work in international waters on a cruise ship that calls on foreign ports constitutes "performance ... abroad" under the United Nations Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. § 202. That issue is controlled by recent binding precedent. *See Alberts v. Royal Caribbean Cruises, Ltd.*, No. 15–14775, 834 F.3d 1202, 2016 WL 4437557 (11th Cir. Aug. 23, 2016). We held in *Alberts* that "performance abroad includes a seaman's work traveling to or from a foreign country." *Id.* at 1204, 2016 WL 4437557 at *2. D'Cruz's contract envisioned performance abroad because he worked on a cruise ship that traveled in international waters to ports in Honduras, Belize, and Mexico. Because his contract envisaged performance abroad, the arbitration clause is enforceable under the Convention. *See id.* at 1205, 2016 WL 4437557 at *3.

We **AFFIRM** the order compelling arbitration.