**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 25-11817

Non-Argument Calendar

_____

1199SEIU UNITED HEALTHCARE WORKERS EAST,
FLORIDA REGION,

*Plaintiff-Appellee,*

*versus*

KENDALL HEALTHCARE GROUP, LTD.,
   d.b.a. HCA Florida Kendall Hospital,
NORTHWEST MEDICAL CENTER, INC,
   d.b.a. HCA Florida Northwest Hospital,
LARGO MEDICAL CENTER, INC.,
   d.b.a. HCA Florida Largo Hospital,
GALEN OF FLORIDA, INC.,
   d.b.a. HCA Florida St. Petersburg Hospital,
GALENCARE, INC.,
   d.b.a. HCA Florida Northside Hospital, et al.,

*Defendants-Appellants.*

———————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cv-02854-KKM-LSG

———————————————

Before WILLIAM PRYOR, Chief Judge, and JORDAN and KIDD, Circuit Judges.

PER CURIAM:

Seventeen hospitals—parties to identical collective bargaining agreements with a labor union—appeal an order compelling arbitration of the union's grievances, which allege that each hospital breached its agreement by seeking indemnification for legal expenses incurred in defending against the union's enforcement action. The district court ruled that the grievances fell within the scope of the arbitration clause of the agreements, that the timeliness of the grievances was a matter for an arbitrator, and that the union's conduct in earlier litigation did not waive its right to arbitrate. We affirm.

## I. BACKGROUND

Labor union 1199SEIU, United Healthcare Workers East, Florida Region, is the exclusive collective bargaining representative for staff of the hospitals. The Union is party to separate but identical collective bargaining agreements with each hospital. In July 2021, a dispute arose under the agreements over whether the hospitals must process dues authorization forms that lacked authenticated employee signatures. The hospitals refused to process the forms, and the Union filed unfair labor practice charges with the

National Labor Relations Board. The Board deferred the dispute to arbitration and eventually concluded the action.

The hospitals made formal demands for indemnification of legal expenses they had incurred in the enforcement action. The indemnification provision, Article 46, Section 5, requires the Union to hold the hospitals harmless against liability "that may arise out of any action or omissions by the Hospital." Two months later, the Union filed grievances challenging the demands as violations of the agreements. The agreements define a "grievance" as "any complaint submitted in writing by . . . the Union against the Hospital for breach of a specific provision of this Agreement." The agreements further provide that if the Union fails to advance a grievance within the applicable time limit, the grievance will be "deemed to be withdrawn." The Union demanded arbitration after using the grievance process in the agreements.

That same month, the hospitals filed suit in the district court and alleged that the Union breached the agreements by failing to indemnify the hospitals for costs incurred in the enforcement action. The Union moved to dismiss or, in the alternative, to stay the action pending arbitration. The district court granted the motion to stay pending arbitration and administratively closed the case.

The Union then filed this action in the district court to compel arbitration of its grievances against the hospitals. Although the hospitals opposed the Union's petition, they did not contest the existence of a valid agreement to arbitrate. Instead, they disputed whether the agreement to arbitrate covered the grievances. The

agreements provide that if a grievance is not "satisfactorily resolved," the Union may "advance the grievance to arbitration." The parties also agreed that an arbitrator may decide issues of "procedural arbitrability," such as whether a grievance is untimely. The district court ordered the parties to arbitrate.

## II. STANDARD OF REVIEW

"We review an order compelling arbitration *de novo*." *Alberts v. Royal Caribbean Cruises, Ltd.*, 834 F.3d 1202, 1204 (11th Cir. 2016). The Federal Arbitration Act reflects a "'liberal federal policy favoring arbitration.'" 9 U.S.C. § 2; *see also Williams v. Shapiro*, 161 F.4th 1313, 1318 (11th Cir. 2025) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).

## III. DISCUSSION

Four principles govern the issue of arbitrability. First, "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT&T Technologies, Inc. v. Communications Workers*, 475 U.S. 643, 648 (1986) (citations and internal quotation marks omitted); *see also Granite Rock Co. v. Teamsters*, 561 U.S. 287, 302 (2010). Second, whether an agreement creates a duty to arbitrate is "an issue for judicial determination," unless the agreement "clearly and unmistakably provide[s] otherwise." *AT&T Technologies*, 475 U.S. at 649 (citations omitted). Third, a court must address only whether the dispute is subject to arbitration, not the merits of the underlying grievance. *Id.* Fourth, arbitration clauses carry a "presumption of arbitrability," and an order to arbitrate "should not be

denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *Id.* at 650 (alteration adopted) (citations and internal quotation marks omitted). Doubts must be resolved in favor of coverage, and where the arbitration clause is broad, only "the most forceful evidence of a purpose to exclude the claim" will prevail. *Id.* (citations and internal quotation marks omitted).

The hospitals argue that the grievances fall outside the contractual definition of a "grievance" because the indemnification provision imposes a duty only on the Union. Relying on *AT&T Technologies* and *Granite Rock*, they argue that a court cannot compel arbitration because they never consented to arbitrate disputes involving provisions under which they owe no duty. We disagree.

The arbitration clause covers the grievances. The hospitals conflate whether a dispute is arbitrable with whether it is meritorious. Although *AT&T Technologies* confirms that a court must determine whether the parties intended to arbitrate a specific matter, it forbids the court from "rul[ing] on the potential merits of the underlying claims," even if the grievance appears "frivolous." 475 U.S. at 649-50. *Granite Rock* confirms that when a court determines that a valid arbitration agreement exists and "covers the dispute," the interpretation and application of the agreement fall to an arbitrator. *See* 561 U.S. at 301-303. Because the grievances allege a breach of the indemnification provision—a provision subject to the broad arbitration clause—the dispute is covered.

The hospitals also argue that the grievances are not arbitrable because they were untimely. They contend that an untimely grievance is "deemed to be withdrawn," leaving no procedural dispute for an arbitrator to resolve. We again disagree.

The timeliness of a grievance is a matter of procedural arbitrability for an arbitrator to decide. When a court determines that the parties have a valid agreement to arbitrate the subject matter of a dispute, "procedural" questions, including "allegations of waiver, delay, or a like defense to arbitrability," are for an arbitrator to decide. *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 84 (2002) (alteration adopted) (citations and internal quotation marks omitted). Because the parties' dispute regarding timeliness requires the interpretation and application of the procedural rules of the agreement, the dispute must be resolved by arbitration. *See id.*

The hospitals also argue that the Union waived its right to arbitrate by participating in the hospitals' earlier action where its actions were inconsistent with an intent to arbitrate. They contend that the Union engaged in a "direct, merits-based attack" on the indemnification issue that is the subject of this action by moving to dismiss the earlier suit instead of immediately seeking to compel arbitration. But the waiver inquiry focuses on whether a party "knowingly relinquish[ed] the right to arbitrate by acting inconsistently with that right." *See Morgan v. Sundance, Inc.*, 596 U.S. 411, 419 (2022).

The Union's conduct in the earlier litigation was consistent with its intent to arbitrate. Its motion to dismiss argued that the

25-11817                Opinion of the Court                7

dispute was subject to arbitration and sought, in the alternative, to stay the action pending arbitration. The Union's approach was not a clear and intentional relinquishment of its right to arbitrate.

## IV. CONCLUSION

We **AFFIRM** the order compelling arbitration.